IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 03 2011

JAMES W. McCORMACK, CLERK
By:_____
PLAINTIFFS CLERK

COMMUNITY EMPOWERMENT COUNCIL, INC.,
TONY J. ANDERSON and CHARLES ANDERSON                          PLAINTIFFS

VS.                          CASE NO. _5:11-CV-049 DPM_

THE CITY OF PINE BLUFF, ARKANSAS,
A Public Body Corporate and Politic,
CARL A. REDUS JR., In His Individual
and Official Capacity as Mayor for
the City of Pine Bluff, Arkansas,            This case assigned to District Judge _Marshall_
FRED TISDALE, In His Individual              and to Magistrate Judge _Kearney_
and Official Capacity as Fire Marshall
for the City of Pine Bluff's Fire and
Emergency Services                                                    DEFENDANTS

## **COMPLAINT**

### Introduction

    This is a civil rights action brought pursuant to 42 U.S.C.S. § 1981, in order to recover

damages against the defendants for the unlawful discriminatory practices that the plaintiff,

**Community Empowerment Council, Inc.,** has been subjected to as a result of being discriminated

against on account of the race of its Executive Director Tony Anderson, who is African-American.

The plaintiff also seeks relief pursuant to 42 U.S.C.S. § 1983, in that the unlawful discriminatory

practices were committed by the defendants while acting under color of law. This is also an action

for declaratory judgment pursuant to 28 U.S.C. § 2201 to declare the rights and other legal relations

between the parties. The plaintiff is also seeking equitable relief and injunctive relief as well.

# I.

## Jurisdiction

1.   Jurisdiction and venue of this Court are invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1391, 42 U.S.C.S. § 1981, and 42 U.S.C.S. § 1983.

2.   The unlawful discriminatory practices alleged to have been committed against the plaintiff were committed in the State of Arkansas, and in Jefferson County, Arkansas.

# II.

## Parties

3.     The plaintiff Community Empowerment Council, Inc., hereinafter known as CEC, is a Non-Profit Organization, which is licensed to do busy in the State of Arkansas.

4.     Tony J. Anderson, who is African-American, serves as the Executive Director for CEC, as well as the Incorporator and Organizer of said corporation.

5.     Charles Anderson, who is African-American, also serves as an organizer of said corporation.

6.     The defendant City of Pine Bluff, Arkansas is a public body politic organized under the laws of Arkansas, with a population of approximately 49,083.[1]  The number of African-Americans living in the City of Pine Bluff, Arkansas is 37,083, which represents 75.5% of the city's population.  The number of Caucasians living in the City of Pine Bluff, Arkansas is 10,699, which represents 21.8% of the city's population.

7.     Carl A. Redus Jr., is the mayor for the City of Pine Bluff, Arkansas, and he is being sued in his individual and official capacity as mayor.

---

[1]Based on the 2010 Census.

2

8.      Fred Tisdale at all times relevant to these proceedings is the Fire Marshall for the City of Pine Bluff Fire and Emergency Services, and he is being sued in his individual and official capacity as Fire Marshall.

### III.

### Factual Allegations

9.      On January 12, 2010, the plaintiff's Executive Director Tony Anderson, submitted an application for Use Permitted on Review (UPOR) to the City of Pine Bluff, Arkansas' Planning Commission to operate an emergency shelter, that will house young males on an emergency basis.

10.     The location of the proposed emergency shelter is 2501 S. Cherry Street, Pine Bluff, Arkansas, which is a single family residential structure, having approximately 2800 square feet of living space.

11.     On February 23, 2010, the Pine Bluff Planning Commission granted the UPOR to the plaintiff, as submitted by the plaintiff's Executive Director Tony Anderson.

12.     The Arkansas Department of Human Services has indicated that there is a need for an emergency shelter for young boys in the Pine Bluff area.

13.     The plaintiff has been approved by the Arkansas Department of Human Services to provide such services to the undersigned young male population, and has been tentatively approved for a grant.

14.     The plaintiffs are proposing to provide twenty-four (24) hour emergency shelter for approximately six (6) or more children on an emergency basis.

15.     The plaintiff was approved for the UPOR as long as it agreed not to have youthful offenders, that it comply with all other city and state regulations, including being licensed by the

3

Arkansas Department of Human Services, which the plaintiff is.

16.     Despite the fact that the City's Planning Commission had approved the plaintiff's proposal to have an emergency shelter, the defendant Fred Tisdale, who is Caucasian, has required the plaintiff to install a commercial type sprinkler system throughout the house that is located at 2501 S. Cherry Street, Pine Bluff, Arkansas.

17.     Mr. Tidsdale has imposed upon the plaintiffs conditions, that he has not imposed upon similarly situated white citizens, operating businesses or other similar types facilities located in Pine Bluff, Arkansas.

18.     Mr. Tidsdale and the City of Pine Bluff, Arkansas have imposed terms and conditions upon the plaintiff's use permit on account of the race of its applicant (black), that it has not imposed upon similarly situated white business owners, in violation of 42 U.S.C.S. § 1981.

19.     Neither the State of Arkansas nor the City of Pine Bluff, Arkansas have any type of zoning laws or ordinances for emergency type shelters, that requires the installation of sprinkler systems, especially a facility that is less than 5000 square feet.

20.     The plaintiffs has been deprived of its civil rights and has suffered damages due to the unlawful  discriminatory treatment as mentioned herein.  The above mentioned acts of discrimination were committed by the defendant were acts committed under color of law, and said acts operated to deprive the plaintiff of his rights as secured by the Constitution and laws of the United States of America in violation of 42 U.S.C.S. § 1983.

21.     Defendant City of Pine Bluff, Arkansas, under color of law, intentionally and with complete and deliberate indifference towards Plaintiff's rights, caused them to be deprived of their constitutional and federal rights including but not limited to 42 U.S.C.S. § 1981, due to a policy,

4

custom, or practice, of discriminating against African-American business owners, by imposing upon them conditions that are not imposed upon similarly situated white business owners, thereby making this action enforceable pursuant to 42 U.S.C.S. § 1983.

22.     The plaintiffs attempted to get relief from this discriminatory practice by appealing to Mayor Carl Redus Jr., but was denied relief.

23.     Defendant Carl Redus Jr., under color of law, intentionally and with complete and deliberate indifference towards Plaintiff's rights, caused them to be deprived of their constitutional and federal rights including but not limited to 42 U.S.C.S. § 1981, due to enforcing a policy, custom, or practice, of discriminating against African-American business owners, by imposing upon them conditions that are not imposed upon similarly situated white business owners, thereby making this action enforceable pursuant to 42 U.S.C.S. § 1983.

24.     Defendant Fred Tisdale, under color of law, intentionally and with complete and deliberate indifference towards Plaintiff's rights, caused them to be deprived of their constitutional and federal rights including but not limited to 42 U.S.C.S. § 1981, due to enforcing a policy, custom, or practice, of discriminating against African-American business owners, by imposing upon them conditions that are not imposed upon similarly situated white business owners, thereby making this action enforceable pursuant to 42 U.S.C.S. § 1983.

25.     As a direct and proximate cause of the discriminatory treatment that the defendants have subjected the plaintiffs to, they have lost income, expected revenue, and have been damaged in an amount to be proven at trial.

**IV.**

**Jury Demand**

26.    The plaintiff requests that this matter be tried by a fair and impartial jury consisting of twelve (12) persons.

THEREFORE, the plaintiff is seeking the following relief for the above described unlawful employment practices:

a.    declare that the plaintiffs have been subjected to unlawful discriminatory practices;

b.    an injunction for the purpose of prohibiting further acts of race discrimination in the future;

c.    reinstatement with restoration of lost benefits and/or privileges;

d.    back pay to be awarded to the plaintiff as a result of being wrongfully terminated;

e.    compensatory damages;

f.    the costs of prosecuting this action;

g.    attorney's fees; and

h.    for all other equitable, legal,  and just relief.

Respectfully submitted,

**Austin Porter Jr.**
Bar Number 86145
PORTER LAW FIRM
The Tower Building
323 Center Street, Suite 1300
Little Rock, Arkansas 72201

6

Telephone - 501-244-8200
Facsimile - 501-372-5567
E-mail: Aporte5640@aol.com

Dated this 3rd day of March 2011.