IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

COMMUNITY EMPOWERMENT
COUNCIL, INC.; TONY J. ANDERSON;
and CHARLES ANDERSON                                        PLAINTIFFS

v.                              No. 5:11-cv-49-DPM

CITY OF PINE BLUFF, ARKANSAS;
CARL A. REDUS, JR., Individually
and Oficcially; and FRED TISDALE,
Individually and Officially                                 DEFENDANTS

ORDER

Tony and Charles Anderson are the organizers behind Community Empowerment Council, Inc. In 2010, the Council sought to use an old house on Cherry Street in Pine Bluff as a twenty-four hour emergency shelter for foster children. These kinds of havens are much needed. The City approved the proposal so long as the Council complied with all other city and state regulations. After an inspection, however, Fire Marshal Fred Tisdale informed the Council that to comply with the Fire Code, the proposed facility would have to have a sprinkler system. Rather than installing the sprinklers, the Council and the Andersons filed this lawsuit, alleging an equal protection violation under § 1981 & § 1983. They allege that other organizations were

not required to have sprinklers and that the City Defendants therefore selectively enforced the Fire Code against the Council because its organizers, the Andersons, are African Americans.

The Equal Protection Clause "prohibits government officials from selectively applying the law in a discriminatory way." *Central Airlines, Inc. v. United States*, 138 F.3d 333, 335 (8th Cir. 1998). To establish that the allegedly unequal administration of the Fire Code violates the Clause, the Council[*] must first show that the City did, in fact, treat it differently than similarly situated organizations. *McDonald v. City of Saint Paul*, 679 F.3d 698, 705 (8th Cir. 2012). If it clears that hurdle, then it must also show intentional discrimination in the selective application. *Ibid.*; *Snowden v. Hughes*, 321 U.S. 1, 8 (1944).

The Council's lawsuit fails on both points. First, it has not shown that it was treated differently than similarly situated organizations. It has proposed two comparators: a CASA shelter and the Aikman apartment building. But, among other differences, neither CASA nor Aikman were subject to the 2006 International Fire Prevention Code—the source of the sprinkler requirement. The State did not adopt the 2006 Code until

---

[*]The Court uses this shorthand to include the Andersons too.

2008 — after both CASA and Aikman started their construction. The Council therefore is not similarly situated to either of those organizations, "particularly with respect to the same time period." *Anderson v. Douglas County*, 4 F.3d 574, 577 (8th Cir. 1993). Because the Council has shown no similarly situated comparator in the relevant time period, its equal protection claim fails as a matter of law.

The Council tries to avoid this conclusion by pointing out that the City never adopted the Fire Code. Even if that is true, however, the Attorney General has made it clear that the Code promulgated by the State Fire Marshal "has the force of state law and is enforceable regardless of whether a local government has adopted it by ordinance." Op. Att'y Gen. 2005-075. And the City Fire Marshal is bound to fulfill the fire-prevention duties laid down by state law. ARK. CODE ANN. § 12-13-108. The City Defendants' enforcement of the sprinkler requirement was therefore appropriate.

If the Council had established that it was treated differently than similarly situated organizations, its equal protection claim would still fail because the Council has made no showing of purposeful discrimination. "[E]ven if a neutral law has a disproportionately adverse effect upon a racial

minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." *Personnel Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 272 (1979). There is no evidence, other than the Andersons' subjective beliefs, that the Council was treated differently because of their race. Nothing in the decision itself or the decision-making process suggests that the City Defendants intentionally discriminated against the Council because of race. *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 267 (1977). And without that evidence, the Council's § 1981 and § 1983 claims fail as a matter of law.

* * *

The Council and the Andersons have embarked on a worthy venture to help foster children. But the City's sprinkler mandate did not violate the Constitution. Motion for summary judgment, *Document No. 18*, granted. The complaint is dismissed with prejudice.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

2 July 2012